WILLIAM YEAGER, Appellant, v. THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY.

**Railroads:** CONTRIBUTORY NEGLIGENCE. Plaintiff passed an intersection of tracks where way trains customarily moved and walking for a rail and a half without looking or listening was struck by an approaching train. The place where he walked was a street, but wholly used for railroad purposes. The trainmen were guilty of no negligence after discovering his peril. *Held,* plaintiff can not recover.

*Appeal from Lee District Court.*—HON. J. M. CASEY, Judge.

TUESDAY, APRIL 2, 1895.

Action to recover damages for a personal injury received by the plaintiff by being struck and knocked down by a railroad car on one of the defendant's tracks in its switch yards at Ft. Madison. There was a trial by jury. At the close of the introduction of the evidence the court, on the motion of the defendant, instructed the jury to return a verdict for defendant, which was done, and from a verdict on the judgment the plaintiff appeals.—*Affirmed.*

*T. B. Snyder* and *A. H. Stutsman* for appellant.

*Gardner Lathrop, J. D. M. Hamilton,* and *James C. Davis* for appellee.

Rothrock, J.—The evidence shows that in the month of October, 1891, the plaintiff, while walking along the side of one of the defendant's railroad tracks, was struck by a moving car, and thrown down and injured. The car was moving in the same direction which the plaintiff was walking, and when it reached the place of the accident the plaintiff was so close to the track that the car could not be pushed past him without striking him. The main question in the case is, did the plaintiff show that he exercised the care which the law requires, to protect himself from injury? Or, in other words, did the evidence introduced by the plaintiff show such a degree of care and caution as to authorize the jury to find that he was not chargeable with negligence which contributed to the injury for which he seeks to recover? A proper determination of that question has made it necessary to carefully read the evidence in the case. Appellant's abstract purports to be an abstract of all the evidence. Appellee filed an additional abstract, and each party disputes the correctness of the abstract filed by the other. This has made it necessary to examine the transcript of the evidence, as taken down by the short hand reporter on the trial. In doing so we have practically discarded the abstracts. We will dispose of the case by a statement of facts which the evidence establishes beyond question, and which, in our opinion, authorizes the court to direct a verdict for the defendant. It is unnecessary to set out the testimony of the witnesses.

As has been stated, the plaintiff was injured while walking along the side of a railroad track in the defendant's switch yards. The accident occurred in what is known as a street, but which is occupied to such an extent by the railroad tracks that there is no other traffic along the street. It is not used for driving

wagons along it, or for any other purpose, except that
persons are accustomed to pass along the side of the
track where plaintiff was walking when he was injured.
There is evidence to the effect that there is from three
to three and one-half feet on the side of the track which
persons use as a sort of footpath.   There is no bank or
ditch, of any depth, at the outside of the path, which
would prevent persons from going outside of the
traveled path to avoid injury, if that were necessary.
The plaintiff was walking abreast with another man,
who was on the outside, or furthest away from the
track.   They walked in this way for some distance, and
approached a place where there was a junction with the
track on which the car which came in contact with
plaintiff was moving.   The fact is there was a junction
or connection of some nine or ten tracks near the place
of the injury, on any one of which cars and engines were
accustomed to be moving, thus making it necessary for
persons walking on or near the tracks to be on the look-
out for moving cars.   There was nothing to prevent the
plaintiff from looking.   He was in full possession of all
his senses.   It was broad daylight, and the view was
unobstructed.   There is nothing in the case, rising to
the dignity of evidence, which shows that the plaintiff
looked for an approaching car.   His traveling compan-
ion testified that he did not look, and that he did not
observe that plaintiff looked.   It is true that the plaint-
iff testified that he "turned his head," and that he
"noticed" to see whether a car was approaching.   Con-
sidering all the facts attending the accident, if the
plaintiff had squarely testified that he turned round
and looked back over the track at the point of the junc-
tion, no jury would have been justified in believing or
finding that he did.   If he had looked he would have
seen the approaching car, and the statement that he did
look and did not see it is no more worthy of belief than

if he had testified that it was not yet daylight on the thirty-first day of October, at about seven o'clock in the morning,—the time when the accident happened.

II. There is but one other point necessary to be considered. It is charged in the petition that the employes of the defendant, in managing the train to which the car was attached, were negligent in not stopping the train when they discovered the plaintiff's peril. The train by which the plaintiff was injured came from another track, upon the track near which plaintiff was walking; and the plaintiff testified that, after he struck the point of intersection, he walked probably the length of a rail and a half before he was struck. He was in no danger until he passed the point of intersection, and the evidence shows, beyond all question, that as soon as the switchman saw that plaintiff was walking too near the track the cry of alarm was given, and the train was promptly stopped.

Without further elaboration, it is sufficient to say that this whole record, when carefully read and considered, shows a state of facts absolutely conclusive against a right of recovery. We need not cite authorities to sustain our conclusion. It is a plain case of seeking a recovery when the undisputed facts and familiar rules of law stand in the way of reaching such a result. The judgment of the district court is *affirmed*.